**XIAO MEI JIANG, Petitioner,**

v.

**Michael B. MUKASEY, United States \* Attorney General, Respondent.**

**No. 07–1822–ag.**

United States Court of Appeals, Second Circuit.

April 25, 2008.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

**60**

Charles Christophe, New York, NY, for Petitioner.

Matt A. Crapo, United States Department of Justice, Civil Division, Office of Immigration Litigation, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. RALPH K. WINTER and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiao Mei Jiang, a native and citizen of China, seeks review of the April 18, 2007 order of the BIA affirming the September 16, 2005 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiao Mei Jiang*, No. A77–347–521 (B.I.A. Apr. 18, 2007), *aff'g* No. A77–347–521 (Immig. Ct. N.Y. City Sep. 16, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou*

*Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007).

█ Here, we find that substantial evidence supports the agency's determination that Jiang did not demonstrate that she suffered past persecution. Jiang testified that the police arrested her once, held her for several hours, and struck her in the face several times. The BIA supplemented the IJ's decision and properly determined that Jiang's mistreatment did not rise above "harassment" to the level of "persecution," where Jiang was released with no real injury. *See Ivanishvili v. U.S. Dep't. Of Justice*, 433 F.3d 332, 341 (2d Cir.2006). Although the IJ erroneously found that Jiang had not been arrested on account of her practice of Falun Gong or an imputed connection with Falun Gong, remand is unnecessary as this Court can "confidently predict" that the agency would reach the same decision absent the erroneous finding. *See Xiao Ji Chen v. U.S. Dept. of Justice*, 471 F.3d 315, 339 (2d Cir.2006). Regardless, the IJ alternatively denied asylum as a matter of discretion, a finding which Jiang has failed to challenge here. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005)("Issues not sufficiently argued in the briefs are considered waived.")(quotation marks omitted).

█ We further find that substantial evidence supports the agency's determination that Jiang did not demonstrate a well-founded fear of future prosecution. The IJ properly explained why it was reasonable, under the BIA's standards, to expect Jiang to corroborate her testimony regarding her fear of future persecution. *See Diallo v. INS*, 232 F.3d 279, 290 (2d Cir. 2000). Further, the IJ properly explained why Jiang's proffered explanation for the lack of evidence was insufficient, and why

# 61

her documents from China should receive minimal weight. *Id.* Finally, the IJ properly explained that Jiang had been in proceedings before the Immigration Court for four years, and that there had been ample opportunity for her to corroborate her claims. *Id.*; *Cao He Lin v. U.S. Dept. of Justice,* 428 F.3d 391, 394–95 (2d Cir.2005). Accordingly, the agency did not err in determining that Jiang failed to satisfy her burden of proving a well-founded fear of future persecution for failure to corroborate her claim.

Because Jiang was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Gomez v. INS,* 947 F.2d 660, 665 (2d Cir. 1991).

Regarding CAT relief, Jiang failed to challenge the IJ's determination before the BIA, therefore, we lack jurisdiction to review this claim. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b)(1).